Johnson J.
There is no doubt about the existente and necessity of the rule which requires that an affidavit to hold the defendant to bail must show how the cause of action* arose (Seethe decision of (he court in the case of Peck vs. Van Evur, 1 Nott & M'Cord 580.) It is necessary, to enable the court to judge whether the action has any legal foundation, or exists only in the imagination of the plaintiff, and to protect the defendant from the consequences of perjury, as is illustrated by the case referred to.
The affidavit in this case sets out, in general terms, the manner in which the debt arose, as far as the plaintiff can be supposed to be conversant with it; and if we regard the reasons of the rule, tire objects are as fully attained, as if-the notes had.boen recited with the utmost minuteness. Neither the dates or the number of the notes would enable the court to judge of their legal efficacy. And if the plaintiff has committed a perjury, the offence can as well be assigned on this affidavit, as if it had contained them ; so that the whole object of the rule has been attained.
Motion .granted, (a)

 An affidavit, “in so much on a bond for performance of covenants,” or “ upon breach of articles,” is too general. (Tidd 157.) In the case of Humphries vs. Williams, (2 Marshall’s Rep. 231,) an affidavit that defendant was indebted to the plaintiff, “as the indorsee of a certain bill of exchange drawn by one T. W. at a certain day now past,”, without stating how the defendant, became liable, whether as acceptor, or indorser, was too general. So in Balbi vs. Batley, (1 Marsh. 424,) the court held that an affidavit,, which stated that the defendant was indebted to the plaintiff on promissory notes of the defendant, without stating how the plaintiff became entitled to recover upon them, was defective. See Bradshaw vs. Saddington,7 East 94 and Ib 694, See the forms in Tidd’s Appendix,